# IN THE SUPREME COURT OF IOWA

No. 13–1205

Filed June 13, 2014

**POLK COUNTY BOARD OF REVIEW,**

Appellee,

vs.

**VILLAGE GREEN CO-OP, INC.,**

Appellant,

and

**CITY OF DES MOINES,**

Intervenor-Appellee.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

A multiple-housing cooperative appeals a district court ruling requiring the county board of review to classify its property as commercial property for purposes of property tax assessment. **AFFIRMED BY OPERATION OF LAW.**

James E. Nervig and Maria E. Brownell, of Brick Gentry, P.C., West Des Moines, for appellant.

Mark Godwin, Deputy City Attorney (until withdrawal), then Mark Godwin of Mark Godwin, P.L.C., Des Moines, for appellee City of Des Moines.

F. Richard Lyford, William R. Stiles, John E. Lande of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellee Polk County Board of Review.

**PER CURIAM.**

The Iowa Code requires all property owned by a multiple-housing cooperative organized under section 499A be classified as residential for tax purposes. Iowa Code § 441.21(11) (2011). The City of Des Moines passed an ordinance requiring all property transferred to a multiple-housing cooperative organized under section 499A conform to the city building code requirements in effect at the time of transfer. Des Moines, IA., Municipal Code § 26–305 (2010). An owner of multiple-housing units transferred its property to a multiple-housing cooperative. The City inspected the buildings, issued rental certificates, and allowed tenants to occupy the buildings. However, the City notified the owner that the buildings did not comply with the city building code in effect at the time of transfer.

Based on the owner's failure to comply with the city building code in effect at the time of transfer as the ordinance required, the Polk County Assessor classified the property as commercial rather than residential for property tax purposes. Subsequently, the Board of Review filed a petition seeking a declaratory judgment that the ordinance was valid and that the county should classify the property as commercial rather than residential.

The district court granted summary judgment to the Board of Review and the City, determining the ordinance was valid and affirming the Board of Review's classification. The district court addressed the six issues Village Green raised and rejected each. Village Green filed postjudgment motions, which the district court denied. Village Green appeals.

After reviewing the record and considering the arguments presented, the justices are equally divided. The Iowa Code provides:

"When the supreme court is equally divided in opinion, the judgment of the court below shall stand affirmed, but the decision of the supreme court is of no further force or authority." Iowa Code § 602.4107 (2013).

The court, being equally divided, declares this case affirmed by operation of law. *See id.* § 602.4107. For affirmance of the district court judgment, Waterman, Mansfield, and Zager, JJ.; for reversal of the district court judgment, Wiggins, Hecht, and Appel, JJ.; and Cady, C.J., takes no part.

**AFFIRMED BY OPERATION OF LAW.**

This opinion shall not be published.